IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **CHRISTOPHER JONES,** *Plaintiff,* § § § § | |
| **V.** § § § | **CIVIL ACTION NO._____** |
| **BRIESE SCHIFFAHRTS GMBH & CO. KG, BBC CHARTERING USA, LLC, and BBC CHARTERING NORTH AMERICA LLC** *Defendants*. § § § § § § | |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE THAT Defendants, Briese Schiffahrts GmbH & Co. KG ("Briese"), BBC Chartering USA, LLC ("BBC USA"), and BBC Chartering North America, LLC ("BBC North America") (collectively "Defendants"), while fully reserving all rights and defenses, file this Notice of Removal to the United States District Court for the Southern District of Texas, Houston Division. Removal is proper under 28 U.S.C. §§ 1332, 1333, 1441(b), and 1446 because this is an action over which the United States District Court for the Southern District of Texas, Houston Division, has original diversity jurisdiction, as it is an action between citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. In support of its Notice of Removal, Defendants would respectfully show as follows:

### I. PENDING STATE COURT SUIT

1. On January 27, 2025, the Plaintiff, filed an action in the 125th Judicial District Court of Harris County, Texas, captioned, Cause No. 2025-05206; *Christopher Jones v. Briese*

1

*Schiffahrts GmbH & Co. KG, BBC Chartering USA, LLC,* and *BBC Chartering North America, LLC*.[1]

2.  The Petition asserts claims against all Defendants for damages the Plaintiff allegedly sustained arising from an incident that occurred on or about August 22, 2024, while he was employed as a stevedore and was performing cargo discharge operations aboard the BBC MANILA at the Port of Houston.[2]

3.  The Petition alleges that the Plaintiff was "required to stand on top of a wooden platform on the [V]essel" during the discharge operation, and the wood platform "gave out," causing the Plaintiff to fall "a significant distance to the [Vessel's] deck and suffer severe personal injuries."[3]

4.  The Petition further alleges that, upon information and belief, Defendants knew or should have known of a defective, hidden condition in the platform that caused it to give out while the Plaintiff stood on top of it.[4]

5.  The Petition asserts claims against all Defendants for negligence, alleging that Defendants owed the Plaintiff certain duties.[5]

6.  The Petition alleges Defendants committed various breaches of these duties, which were "both the cause in fact and proximate cause of [the] Plaintiff's injuries."[6]

---

[1] *See* Exhibit A, p. 1.
[2] *See* Exhibit A, p. 1 and 3, ¶¶ 1 and 8.
[3] *See* Exhibit A, p. 3, ¶ 9.
[4] *See* Exhibit A, p. 3, ¶ 10.
[5] *See* Exhibit A, p. 4-5, ¶¶ 13-14.
[6] *See* Exhibit A, p. 5, ¶ 14.

7. The Petition alleges the Plaintiff is entitled to damages in excess of one million dollars.[7]

8. The name and address of the Court from which the case is being removed is:

125th Judicial District Court

Harris County Civil Courthouse

201 Caroline Street

Houston, Texas 77002

## II.   STATE COURT DOCUMENTS

9. The following documents are attached to this Notice of Removal:

| | |
|---|---|
| Exhibit A | Plaintiff's Original Petition and Jury Demand; |
| Exhibit B | Copy of Citation issued to BBC Chartering USA, LLC; |
| Exhibit C | Copy of Citation issued to BBC Chartering North America, LLC; |
| Exhibit D | State Court Docket Sheet; |
| Exhibit E | An index of matters being filed; |
| Exhibit F | List of all Counsel of Record; |
| Exhibit G | Civil Cover Sheet. |

## III.   BASIS OF REMOVAL

10. Defendant BBC USA, was served with the Plaintiff's Original Petition and Jury Demand through its registered agent for service of process, Galloway, Johnson, Tompkins, Burr & Smith, on February 7, 2025.[8] Therefore, removal is timely under 28 U.S.C. § 1446.

---

[7] *See* Exhibit A, p. 6, ¶ 17.
[8] *See* Exhibit B.

3

11.     Defendant, BBC North American was served with the Plaintiff's Original Petition and Jury Demand through its registered agent for service of process, Galloway, Johnson, Tompkins, Burr & Smith, on February 12, 2025.[9] Therefore, removal is timely under 28 U.S.C. § 1446.

12.     Briese has not been served with process for the state court case but became aware of same on February 7, 2025. Therefore, removal is timely under 28 U.S.C. § 1446.

13.     Pursuant to 28 U.S.C. § 1441(a), Defendants remove this action to the District Court of the United States for the Southern District of Texas, Houston Division, because it is the District and Division embracing the place where the state court suit is pending. Critically, Defendants, BBC USA's and BBC North America's status as forum defendants does not preclude removal, because they were improperly joined as further set forth below.

**A.     Diversity Jurisdiction exists over the Plaintiff's Claims.**

14.     This Court has diversity jurisdiction over the claims asserted in the state court suit because the properly joined parties thereto are citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

   **i.     The Properly Joined Defendants are Completely Diverse from Plaintiff.**

15.     The Plaintiff, Christopher Jones, is a citizen of and an individual residing in Texas.[10]

---

[9] *See* Exhibit C.
[10] *See* Exhibit A, p. 2, ¶ 4.

16. Defendant, Briese Schiffahrts, GmbH & Co. KG, is a foreign entity organized and existing under the laws of a foreign nation, with its principal offices in Leer, Germany, and which was and is engaged in the business of owning vessels used in maritime transportation. Specific to this action, Briese was the owner of the M/V BBC MANILA ("BBC MANILA" or the "Vessel"), a 12,500 deadweight ton Antigua Barbuda-flagged general cargo ship built in 2022, 147 meters in length, bearing IMO Number 9811995.

17. Defendant BBC Chartering USA, LLC, is a domestic entity organized and existing under the laws of Texas, with its principal office in Bellaire, Texas, and which was and is engaged in the business of maritime transportation; however, as further shown below, BBC USA's citizenship must be disregarded because it was improperly joined as a defendant.

18. Defendant BBC Chartering North America, LLC, is a domestic entity organized and existing under the laws of Texas, with its principal office in Houston, Texas, and which was engaged in the business of maritime transportation; however, as further shown below, BBC North America's citizenship must be disregarded because it was improperly joined as a defendant.

### ii. BBC USA and BBC North American were Improperly Joined to Prevent Removal.

19. Federal removal jurisdiction based on diversity cannot be defeated by the presence of an improperly joined non-diverse defendant.[11] Citizenship of an improperly joined defendant is totally disregarded when determining the Court's jurisdiction.[12] The Fifth Circuit recognizes two ways to establish improper joinder of a non-diverse defendant: "(1) actual fraud in the pleading of

---

[11] *Borden v. Allstate Ins. Co.*, 589 F.3d 168, 171 (5th Cir. 2009).
[12] *Williams v. Homeland Insurance Company of New York*, 18 F.4th 806, 812 (5th Cir. 2021); *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 572-73 (5th Cir. 2004)).

5

jurisdictional facts, or (2) the inability of the plaintiff to establish a cause of action against the non-diverse party in state court."[13] The test for the latter, generally, "is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant."[14]

20.     When examining a plaintiff's ability to establish a cause of action against the non-diverse party in state court, the Fifth Circuit conducts the following discrete three-part inquiry: (1) whether the plaintiff intends to actually pursue the in-state defendant[15]; (2) whether state law would recognize the cause of action[16]; and (3) whether the state court petition alleges sufficient facts.[17]

### a. It is Unclear Whether the Plaintiff Intends to Pursue BBC USA and BBC North America in the State Court Suit.

21.     When considering whether a party is actively attempting to pursue a defendant, the Fifth Circuit considers facts such as: (1) whether the party has been served, (2) minimal specific mention of the defendant, (3) whether specific facts or allegations are directed towards the defendant specifically, and (4) whether various defendants played discrete and dissimilar roles in the alleged incident(s).[18] "[M]erely lumping diverse and non-diverse defendants together in

---

[13] *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Group, Ltd.*, 818 F.3d 193, 205 (5th Cir. 2016) (quoting *Smallwood*, 385 F.3d at 573).
[14] *Id*. (original emphasis omitted).
[15] *Escuadra v. Geovera Specialty Inc. Co.*, 739 F.Supp. 2d 967, 975-76 (E.D. Tex. Sept. 9, 2010) (citing *Griggs v. State Farm Lloyds*, 181 F.3d 694, 699 (5th Cir. 1995)).
[16] *Id.* at 976 (citing *Gray v. Beverly Enters.-Miss., Inc.*, 390 F.3d 400, 405 (5th Cir. 2004)).
[17] *Id.* (citing *Griggs*, 181 F.3d at 699).
[18] *Id.* (citing *Griggs*, 181 F.3d at 699).

6

undifferentiated liability averments of a petition does not satisfy the requirement to state specific actionable conduct against the non-diverse defendant."[19]

22. Here, the Petition contains four paragraphs discussing the factual allegations supporting the Plaintiff's claims.[20] None of these allegations directly reference BBC USA or BBC North America by name. In fact, the allegations omit specific reference to any of the Defendants when describing the allegedly negligent acts, the Plaintiff choosing instead to lump the Defendants together as a group.[21] The Plaintiff's decision to refer to Defendants generally, in place of calling each out by name, shows that the Plaintiff either does not consider specific Defendant's conduct significant, or lacks the information necessary to specify what role each allegedly played in the incident. Under either scenario, the Plaintiff's pursuit of BBC USA and BBC North America is called into question, suggesting an ulterior motive, namely, to destroy diversity.

23. The Plaintiff's recitation of its "Causes of Action" similarly makes no specific mention of BBC USA or BBC North America, including within the lengthy, twenty-two bullet-pointed list of Defendants' allegedly negligent acts and omissions.[22] Here again, the Plaintiff's omission of any reference to BBC USA and BBC North America by name when describing the causes of action does not satisfy the Fifth Circuit's requirement that a plaintiff "state specific actionable conduct against the non-diverse defendant." Curiously, the Plaintiff does state with specificity certain duties it alleges the "Defendants" (here again, referred to as a group) owed to the Plaintiff as owners and operators of the BBC MANILA. The Plaintiff's specificity in pleading the enumerated duties stands in stark contrast to the complete lack of information explaining to

---

[19] *Doucet v. State Farm Fire and Cas. Co.*, 2009 WL 3157478 at *5 (E.D. Tex. Sept. 25, 2009) (original emphasis omitted).
[20] *See* Exhibit A, p. 3, ¶¶ 8-11.
[21] *See* Exhibit A, p. 3-5, ¶¶ 8-14.
[22] *See* Exhibit A, p. 4-5, ¶ 13.

7

whom any of the duties apply. Clearly, the Plaintiff plead with certainty its voluminous list of liability averments, likely copied from the applicable statutory laws, but in doing so omitted the critical element of which specific Defendant is alleged liable under which legal theory.[23]

24. After closely reviewing the Petition, it is simply not clear which Defendant the Plaintiff is pursuing under which set of facts. Further unclear is which legal theory the Plaintiff is alleging applies to the evaluation of each Defendant's conduct. While Defendants recognize that BBC USA and BBC North America were named in the state court suit, and further acknowledge proper service of process, that is where understanding ends, and speculation begins. BBC USA's and BBC North America's rights as party-defendants to evaluate their potential liability for the August 22, 2024, incident involving the Plaintiff must begin with a statement from the Plaintiff explaining what each did wrong; only then can BBC USA and BBC North America begin to parse the allegations and claims to identify how the Plaintiff intends to pursue liability. Because the Plaintiff cannot answer this fundamental question, from which all of BBC USA's and BBC North America's liability may stem, there is simply no "reasonable basis" for this Court to predict that the Plaintiff might be able to recover against BBC USA and BBC North America, and for that reason, removal is proper.

        b. **Texas State Law Does Not Recognize a Cause of Action Against BBC USA or BBC North America Under the Facts Alleged in the Petition.**

25. Even if, on the face of the Petition, it was clear that the Plaintiff intended to specifically pursue BBC USA and BBC North America in the state court suit, Texas state law does not provide for a cause of action against BBC USA and BBC North America under any reading or interpretation of the allegations contained in the Petition.

---

[23] *See* Exhibit A, p. 4-5, ¶¶ 13-14.

26. The Fifth Circuit's requirement that state law recognize a cause of action against an allegedly improperly joined in-state defendant is fundamental to its "reasonable basis" inquiry of whether a Plaintiff has any possibility of recovery against that defendant.

27. Here, the Petition alleges that by virtue of its "affiliation" with Defendant Briese, Defendants, BBC USA and BBC North America, alternatively, "owned, operated, and/or possessed" the BBC MANILA.[24] The Petition also instructs that these legal terms be "construed under applicable law."[25] Under Texas state law, the only rational interpretation of the alleged "affiliation" between BBC USA, BBC North America, and Briese is one of employment or agency. Generally, Texas law does not allow for a plaintiff to bring negligence claims against both a principal and its agent when that agent is acting within the scope of their agency duties.[26] Under Texas law, agents do not owe an individual duty to provide others with a safe premises/workplace, such duty is nondelegable, imposed on and belonging exclusively to the principal/owner.[27] Texas law provides, "'[i]ndividual liability arises only when the officer or agent owes an independent duty of reasonable care to the injured party apart from the employer's duty.'"[28] Pleadings that are able to demonstrate that an agent is individually liable, separate from their employer/principal, are those that allege a personal role in the dangerous conditions at issue.[29]

---

[24] *See* Exhibit A, p. 3, ¶ 8.
[25] *See* Exhibit A, p. 4, ¶ 12.
[26] *Beaty v. Wal-Mart Stores Tex., LLC*, 2011 WL 1155963, at *4 (S.D. Tex. Mar. 24, 2011); *Kopczynski v. Wal-Mart Stores Tex., LP*, 2011 WL 902237, at *4 (S.D. Tex. Mar. 14, 2011); *Morrow v. Wyeth*, 2005 WL 2621555, at *4 (S.D. Tex. Oct. 13, 2005); *Gipson v. Wal-Mart Stores, Inc.*, 2008 WL 4844206, at *4-5 (S.D. Tex. Nov. 3, 2008).
[27] *Leitch v. Hornsby*, 935 S.W.2d 114, 117-18 (Tex. 1996) (citing *Fort Worth Elevators Co. v. Russell*, 123 Tex. 128, 70 S.W.2d 397, 401 (1934), (*disapproved on other grounds)*; *Harrison v. Oliver*, 545 S.W.2d 229, 230 (Tex. Civ. App.—Houston [1st Dist.] 1976, writ dism'd)).
[28] *Tri v. J.T.T.*, 162 S.W.3d 552, 562 (Tex. 2005) (quoting *Leitch*, 935 S.W.2d at 117).
[29] *Cisneros v. Belcher*, 2019 WL 11506116, at *4 (W.D. Tex. Nov 25, 2019) (citing *Lyle v. 24 Hour Fitness, USA, Inc.*, 2014 WL 5094126, at *3-4 (W.D. Tex. Oct 10, 2014); *Land v. Wal–Mart Stores of Texas, LLC*, 2014 WL 585408, at *2 (W.D. Tex. Feb. 13, 2014)).

28. As discussed *supra*, while the Petition contains a non-exclusive list of duties "Defendants" allegedly owed to the Plaintiff, the Petition is silent regarding which Defendant is responsible for which duty. Moreover, while the Petition contains a twenty-two bullet-point list describing the myriad ways in which "Defendants" violated their duties to the Plaintiff, none of the bullet points describes which Defendant committed the alleged failures, inactions, or omissions.[30]

29. Having no discernable way to conclude which duty applies to which Defendant, the Plaintiff has failed to effectively communicate its intention of whether BBC USA's conduct was implicated, whether BBC North America's conduct was implicated, whether Briese's conduct was implicated, whether all or some of each Defendant's conduct was implicated, or whether any combination of Defendants' conduct was implicated in the string of events leading up to and constituting the incident that allegedly caused the Plaintiff's injuries.

30. Therefore, on the face of the Petition and the facts alleged therein, there is simply no way for BBC USA and BBC North America to discern in what capacity they are being sued. Capacity, whether agent or principal, is a critical component of the Texas state law negligence inquiry, the determination of which can lead to a finding that a Plaintiff is owed a duty of care, or that no duty exists. In Texas, whether a duty exists is fundamental to the determination of whether a cause of action exists, and because the Petition alleges no information sufficient to make that determination as it regards BBC USA and BBC North America, there is no "reasonable basis" for this Court to predict that the Plaintiff might be able to recover against BBC USA and BBC North America, and for that reason, removal is proper.

---

[30] *See* Exhibit A, p. 4-5, ¶¶ 13-14.

### c. The Petition Does Not Allege Specific Facts Against BBC USA and BBC North America.

31.     Even if the Plaintiff's cause of action is recognized by Texas state law, sufficient factual allegations are required to support remand back to state court. Trial courts are charged to determine the sufficiency of factual allegations by conducting a 12(b)(6)-type analysis.[31] In a pleading, factual allegations and content must be sufficient to allow a court to draw reasonable inferences that a defendant is liable for the tortious conduct alleged.[32] The state court complaint must allege specific facts to establish the essential elements of a potential cause of action.[33] Further, a plaintiff must allege specific facts that when plainly read can be specifically attributed to the in-state defendant.[34] As stated above, lumping all defendants together in "undifferentiated liability averments of a petition does not satisfy the requirement to state specific actionable conduct against the non-diverse defendant."[35] The mere assertion of a "laundry list" of violations without specific factual allegations as to how a non-diverse defendant was at fault or in violation is insufficient.[36] Finally, and as discussed, when considering the Texas law standard for a negligence cause of action, there must also be specific allegations of an agent's personal involvement in the activities and/or dangerous condition that are alleged to have caused the injury.[37]

32.     Defendants have shown with specificity that the Plaintiff has failed to make a requisite showing to this Court that remand to the 125th Judicial District Court of Harris County is appropriate. The Petition, on its face, contains terse and unspecific factual allegations against no Defendant in particular, a vague recitation of the applicable legal duties, and scattered, conclusory

---

[31] *Smallwood*, 385 F.3d at 573; *Anderson v. Ga. Gulf Lake Charles*, 342 Fed.Appx. 911, 915 (5th Cir. 2009).
[32] *Doucet*, 2009 WL 3157478 at *5 (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).
[33] *Id.* (citations omitted).
[34] *Griggs*, 181 F.3d at 699.
[35] *Doucet*, 2009 WL 3157478 at *5 (citing *Griggs*, 181 F.3d at 699).
[36] *Id.*
[37] *See Solis v. Wal-Mart Stores East, L.P.*, 617 F.Supp. 2d 476, 481 (S.D. Tex. 2008); *Lyle,* 2014 WL 5094126, at *3-4.

statements describing the acts and omissions the Plaintiff would show in support of its allegations of breach.[38] As read, the allegations contained in the Petition do not allow any reasonable inferences to be drawn about BBC USA's or BBC North America's liability under Texas state law, and as such there can be no "reasonable basis" from which this Court could predict that the Plaintiff might be able to recover against BBC USA or BBC North America.

33.     Having fully analyzed the Fifth Circuit's three-part inquiry regarding the Plaintiff's ability to establish a cause of action against BBC USA and BBC North America, and concluding that the non-diverse, in-state Defendants, BBC USA and BBC North America, were improperly joined, neither BBC USA's or BBC North America's status as a forum defendant may considered, and this Court has diversity jurisdiction over the claims asserted in the state court suit and removal is proper.

### iii.    The Amount in Controversy Exceeds the Jurisdictional Requirement.

34.     To show that all the requisites for federal jurisdiction are met, a removing party must demonstrate that the amount in controversy exceeds $75,000.00.[39] The amount in controversy is ordinarily established on the face of the petition and the dollar-amount actually alleged.[40] Here, the Petition states that the Plaintiff seeks monetary relief in excess of $1,000,000.00.[41] Therefore, the amount in controversy exceeds the jurisdictional minimum of $75,000.00, exclusive of interest and costs.

---

[38] *See* Exhibit A, p. 3-5, ¶¶ 8-14.
[39] *See* 28 U.S.C. § 1332(a); *Garcia v. Koch Oil Co. of Texas Inc.*, 351 F.3d 636, 638 (5th Cir. 2003).
[40] *See Garcia*, 351 F.3d at 638 (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938)); *Allen v. R & H Oil and Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).
[41] *See* Exhibit A, p. 6, ¶ 17.

## IV.    REMOVAL PROCEDURE

35.    This Notice of Removal has been filed within 30 days after receipt of the Petition pursuant to 28 U.S.C. § 1446(b) and is filed less than one year after commencement of this action pursuant to 28 U.S.C. § 1446(c). Therefore, this Notice is timely filed.

36.    As the removing party, Defendants will provide the Plaintiff with prompt written notice of this Notice of Removal as required by 28 U.S.C. § 1446(d).

37.    Defendants will also file a copy of this Notice of Removal with the 125th Judicial District Court of Harris County, Texas, where the state court case is currently pending, as required by 28 U.S.C. § 1446(d).

38.    Defendants have not filed an Answer to the Plaintiff's Original Petition and Jury Demand. Accordingly, Defendants will timely file an Answer in this Honorable Court pursuant to the Federal Rules of Civil Procedure.

## V.    CONCLUSION

39.    As established herein, the Plaintiff's state court case is ripe for removal. In sum, removal is proper because (1) the properly joined Defendant, Briese, is completely diverse; (2) Defendants, BBC USA and BBC North America were improperly joined and as such their status as forum defendants is disregarded when determining the diversity of the parties; and (3) the amount in controversy exceeds the $75,000.00 jurisdictional limit. Thus, this Honorable Court has diversity jurisdiction over the Plaintiff's claims and removal to the United States District Court for the Southern District of Texas, Houston Division, is proper.

**FOR THESE REASONS** and in conformity with 28 U.S.C. §1446, Defendants respectfully remove the civil action styled Cause No. 2025-05206; *Christopher Jones v. Briese Schiffahrts GmbH & Co. KG, BBC Chartering USA, LLC and BBC Chartering North America LLC*, on the docket of the 125th Judicial District Court of Harris County, Texas. Defendants pray for such other and further relief, both general and special, at law and in equity, to which they may show themselves justly entitled.

Respectfully submitted,

/s/ Trenton J. Wallis
Jason P. Waguespack, T.A.
  Federal I.D. No. 268357
  jwaguespack@gallowaylawfirm.com
Trenton J. Wallis
  Federal I.D. No. 3412033
  Tx. Bar No. 24113454
GALLOWAY, JOHNSON, TOMPKINS, BURR & SMITH
1301 McKinney St., Ste. 1400
Houston, Texas 77010
Telephone: (713) 599-0700
Telecopier: (713) 599-0777

OF COUNSEL:

Samuel L. Fuller (La. Bar. No. 35134)
slfuller@gallowaylawfirm.com
GALLOWAY, JOHNSON, TOMPKINS, BURR & SMITH
701 Poydras Street, 40th Floor
New Orleans, Louisiana 70139
Telephone: (504) 525-6802
Telecopier: (504) 525-2456

ATTORNEYS FOR DEFENDANTS
*Briese Schiffahrts GmbH & Co. KG, BBC Chartering USA, LLC, and BBC Chartering North America, LLC*

## **CERTIFICATE OF SERVICE**

     I hereby certify that a true and correct copy of the foregoing Notice of Removal, including Exhibits A-H, has been served by and through the Court approved electronic filing manager via email to participating parties and/or via hand delivery, and/or facsimile and/or certified mail, return receipt requested and/or U.S. First Class Mail to all known counsel of record on this 6th day of March, 2025, to the following:

     T. Braden Riley
     John D. Sheppard
     P. Hogan Leatherwood
MORROW & SHEPPARD LLP
5151 San Felipe, Suite 100
Houston, Texas 77056
Telephone: 713.489.1206
Facsimile: 713.893.8370
Email: msfiling@morrowsheppard.com
Email: briley@morrowsheppard.com
Email: jsheppard@morrowsheppard.com
Email: hleatherwood@morrowsheppard.com

     Gary B. Pitts
PITTS, MILLS & RATCLIFF
121 E. Magnolia, Suite 204
Houston, Texas 77546
Telephone: 281.992.1100
Email: gpitts@pittsmills.com

                                      */s/ Trenton J. Wallis*
                                      Jason P. Waguespack
                                      Trenton J. Wallis
                                      Samuel L. Fuller